IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WELLS FARGO BANK, NATIONAL
ASSOCIATION AS TRUSTEE FOR
THE MLMI TRUST SERIES 2005-WMC2,

      Plaintiff,

vs.                                                                                                          NO. CIV 08-1148 RB/DJS

KEVIN CLANTON AND CJ CLANTON,

      Defendants.

and

KEVIN CLANTON AND CJ CLANTON,

      Third-Party Plaintiffs,

vs.

LENDINGTREE, INC.; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.;
MERRILL LYNCH CREDIT CORPORATION;
WMC MORTGAGE CORPORATION; WILSHIRE
CREDIT CORPORATION; WELLS FARGO
FINANCIAL NEW MEXICO, INC.; JOHN DOE
MORTGAGE; JOHN DOE LENDING BANK; and
JANE DOE, CLOSING AGENT,

      Third-Party Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on the Motion to Dismiss of Third-Party Defendant WMC Mortgage LLC (hereinafter "WMC"), filed on December 19, 2008. Plaintiff and Counter Defendant Wells Fargo Bank, National Association as Trustee for the MLMI Trust Series 2005-WMC2 (hereinafter "Wells Fargo Bank") and Third-Party Defendants Mortgage

Electronic Registration Systems, Inc. (hereinafter "MERS"), Merrill Lynch Credit Corporation (hereinafter "Merrill Lynch"), Wilshire Credit Corporation (hereinafter "Wilshire"), and Wells Fargo Financial New Mexico, Inc. (hereinafter "Wells Fargo Financial")  join in WMC's Motion to Dismiss.[1]  WMC's Motion to Dismiss does not directly relate to Kevin Clanton and CJ Clanton's (hereinafter "Clantons") counterclaims against Wells Fargo Bank; therefore, this Memorandum Opinion and Order does not address any of the Clantons' counterclaims against Wells Fargo Bank.  Jurisdiction is founded upon 28 U.S.C. § 1331.  Having considered the submissions of the parties, relevant law, and being otherwise fully advised, Defendant WMC's Motion to Dismiss, joined by Wells Fargo Bank, MERS, Merrill Lynch, Wilshire, and Wells Fargo Financial, is **GRANTED**.

I.      **Background.**

In February 2005, the Clantons executed and delivered to WMC Mortgage Corporation (hereinafter "WMC Mortgage"), the predecessor in interest to WMC, an adjustable rate note in the principal sum of $220,000.00, bearing an interest rate set to fluctuate between 6.99% and 13.49% (hereinafter "Note").[2]  The Clantons also executed and delivered to MERS, as nominee for WMC Mortgage, a mortgage for the purpose of securing the Note (hereinafter "Mortgage"). The Mortgage was duly filed for record with the Bernalillo County Clerk's office on March 1,

---

[1]LendingTree, Inc. (hereinafter "LendingTree") originally joined WMC's Motion to Dismiss. However, on January 29, 2009 all of the Clantons' claims against LendingTree were dismissed by stipulated order (Doc. 19).

[2]The Clantons' answer, counterclaim, and third-party complaint state that the Note and Mortgage were executed on or about July 11, 2005.  Copies of the Note and Mortgage, which are appended to Wells Fargo Bank's complaint for foreclosure, list February 18, 2005 as the date of execution. However, the Clantons' signatures on the Note and Mortgage are dated February 22, 2005.

2005.  The Note and Mortgage were transferred to Wells Fargo Bank, by assignment of mortgage on August 15, 2006, which was recorded in the records of Bernalillo County on August 30, 2006.  The property is generally described with the street address of 1134 Mountain Valley Road, Sandia Park, New Mexico.

The Clantons failed to make payments on the Note in accordance with its terms and conditions.  Wells Fargo Bank eventually elected to enforce the Note's acceleration clause, requiring the Clantons to immediately pay the entire balance due on the Note.  On February 22, 2007, Wells Fargo Bank commenced a foreclosure action against the Clantons in the Second Judicial District Court of the State of New Mexico.  On July 10, 2007, the Second Judicial District Court granted Wells Fargo Bank a default judgment for foreclosure and order of sale.  On October 20, 2008, the Second Judicial District Court issued an order setting aside this default judgment for foreclosure and order of sale.

On October 31, 2008, the Clantons answered the complaint, filed counterclaims against Wells Fargo Bank, and filed third-party claims against WMC, LendingTree, MERS, Merrill Lynch, Wilshire, Wells Fargo Financial, John Doe Mortgage, John Doe Lending Bank, and Jane Doe Closing Agent, including causes of action for violation of the Racketeer Influenced and Corrupt Organization Act (hereinafter "RICO"), the Truth in Lending Act (hereinafter "TILA"), the Real Estate Settlement Procedures Act (hereinafter "RESPA"), the Fair Housing Act (hereinafter "FHA"), the Equal Credit Opportunity Act (hereinafter "ECOA"), the Privacy Act, the Fair Debt Collection Act (hereinafter "FDCA"), 42 U.S.C. § 1981, the New Mexico Home Loan Protection Act (hereinafter "HLPA"), and the New Mexico Unfair Trade Practices Act (hereinafter "UPA").  On December 12, 2008, WMC removed this action to this Court.  The Clantons essentially allege that Wells Fargo Bank and the Third-Party Defendants did not

comply with federal and state law in connection with the execution of the Note and Mortgage at issue in this suit. The Third-Party Defendants seek to dismiss the third-party complaint for failure to state a claim upon which relief can be granted.

## II.     Rule 12(b)(6) Standard.

A claim for relief may be dismissed for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). For purposes of analyzing a motion to dismiss, pursuant to Rule 12(b)(6), this Court must accept all of the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the Plaintiff. *David*, 101 F.3d at 1352. The Court must also look for plausibility in the complaint; in other words, the complaint must include factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). "In addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Desert Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

## III.    Discussion.

### A.  Racketeer Influenced and Corrupt Organization Act.

To state a RICO claim, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Deck v. Engineered Laminates*, 349 F.3d 1253, 1256-57 (10th Cir. 2003) (internal quotations omitted). "A pattern of racketeering activity must include commission of at least two predicate acts." *Id.* at 1257. One of the alleged predicate acts, in this case, is mail or wire fraud. The Tenth Circuit Court of Appeals has held that Rule 9(b) requires particularity in pleading RICO mail and wire fraud. *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1362 (10th Cir. 1989). Similarly, bank fraud, the

other alleged predicate act, requires particularity in pleading. *See Id.*; Fed.R.Civ.P. 9(b). Indeed, the threat of treble damages and injury to reputation which attend RICO actions justify requiring plaintiffs to frame their pleadings in such a way that will give defendants, and the trial court, "clear notice of the factual basis of the predicate acts." *Cayman Exploration Corp*, 873 F.2d at 1362.

Rule 9(b) specifically requires plaintiffs (1) to identify the particular defendants with whom they dealt directly in connection with the alleged fraudulent act, (2) to designate the specific occasions on which the alleged fraudulent act took place, (3) to identify the individual or individuals who engaged in the alleged fraudulent act, and (4) to designate what exactly the alleged fraudulent act was directed at and how it took place. *See Seattle-First Nat. Bank v. Carlstedt*, 800 F.2d 1008, 1011 (10th Cir. 1986). The Clantons' third-party complaint includes only general allegations that the Third-Party Defendants violated RICO by imposing charges that are not authorized by law and by promising financial compensation to employees who sold adjustable rate products and wiring or mailing this financial compensation across state lines. Indeed, the Clantons' allegations of mail or wire fraud and bank fraud are completely devoid of any semblance of particularity. *See Id.* Therefore, the Clantons' RICO claim against all Third-Party Defendants must be dismissed.

### B. Truth in Lending Act.

The TILA provides that an action for recision must be brought within three years of a violation of the Act, and an action for recovery of damages must be brought within one year after a violation of the Act. 15 U.S.C. §§ 1635(f), 1640(e). Regardless of whether the Note and Mortgage were executed in February or July 2005, the Clantons filed their counterclaim and third-party complaint on October 31, 2008, more than three years after the alleged violations of

the TILA could have taken place.  The statutory exception to the limitations period does not apply in this case because the Clantons' TILA claims against the Third-Party Defendants were not brought as a "matter of defense by recoupment or set-off." *See* 15 U.S.C. § 1640(e).  Thus, the Clantons' TILA claims against all Third-Party Defendants are time-barred. *See* 15 U.S.C. §§ 1635(f), 1640(e).

### C.  Real Estate Settlement Procedures Act.

The RESPA provides a statute of limitations period of three years for violations of 12 U.S.C. § 2605 and a one year statute of limitations period for violations of 12 U.S.C. §§ 2607 or 2608. 12 U.S.C. § 2614.  The Clantons allege that the Third-Party Defendants violated the RESPA by (1) failing to disclose or re-disclose the actual interest rate on the home loan, (2) by failing to provide the Clantons with a copy of the closing documents, and (3) by financially compensating the bank for convincing the Clantons to use an adjustable rate product.  Each of these alleged violations of the RESPA would have occurred at the time the Note and Mortgage were executed.  Regardless of whether the Note and Mortgage were executed in February or July 2005, the Clantons filed their counterclaim and third-party complaint on October 31, 2008, more than three years after the alleged violations.  Therefore, the Clantons' RESPA claims are barred by the applicable statute of limitations. *See* 12 U.S.C. § 2614.

The Clantons also allege that the Third-Party Defendants violated the RESPA "in the extension and servicing of the loan which is the subject of this case."  The factual details of this allegation are so sketchy that they fail to provide fair notice of the claim, pursuant to Rule 8, that the Clantons are bringing against the Third-Party Defendants. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).  Thus, this RESPA claim must be dismissed for failure to meet the notice pleading standard set forth by the Supreme Court and the Federal Rules of Civil

Procedure. *See Twombly*, 127 S.Ct. at 1965.

### D.  Fair Housing Act.

The FHA provides that a civil action must be brought within two years of a violation of the Act. 42 U.S.C. § 3613(a)(1)(A). Regardless of whether the Note and Mortgage were executed in February or July 2005, the Clantons filed their counterclaim and third-party complaint on October 31, 2008, more than two years after the alleged violations of the FHA could have taken place.  The Clantons' FHA claims against all Third-Party Defendants, therefore, are barred by the applicable statute of limitations. *See Id.*

### E.  Equal Credit Opportunity Act.

An aggrieved credit applicant must bring an action under the ECOA within two years of the date of the alleged violation. 15 U.S.C.A. § 1691e(f).  Regardless of whether the Note and Mortgage were executed in February or July 2005, the Clantons filed their counterclaim and third-party complaint on October 31, 2008, more than two years after the alleged violations of the ECOA could have taken place.  Because the Clantons did not bring their ECOA claim within the two year statute of limitations period, this cause of action is time-barred.

### F.  Privacy Act.

The Privacy Act does not provide a cause of action against private entities; instead, the Act only relates to the proper maintenance of records by federal agencies. *See* 5 U.S.C. § 552a(g)(1).  Thus, the Clantons' allegations against the Third-Party Defendants, all of which are private entities, fail to state a claim, under the Privacy Act, upon which relief can be granted.

### G.  Fair Debt Collection Act.

The FDCA provides that "[a]  debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the

7

collection of a debt." 15 U.S.C. § 1692d.  The Clantons allege that the Third-Party Defendants violated the FDCA "with continued harassing and threatening phone calls."  However, there is nothing in the third-party complaint alleging that the harassing and threatening phone calls were "in connection with the collection of a debt." *Id.*  Indeed, there is no indication in the complaint that the Clantons owe a debt to any of the Third-Party Defendants or that any of the Third-Party Defendants attempted to collect a debt on behalf of someone else.  Thus, the Court finds the allegations in the third-party complaint are insufficient to state a claim, under the FDCA, against any of the Third-Party Defendants.

      **H.  42 U.S.C. § 1981.**

Since there is no specifically stated, or otherwise relevant, federal statute of limitations for a cause of action under 42 U.S.C. § 1981, the controlling limitations period is the most appropriate one provided by state law. *Johnson v. Railway Express Agency, Inc.*, 421 US 454, 462 (1975).  The Clantons' § 1981 claim is most closely akin to a personal injury cause of action. *See Brown v. Unified School Dist. 501, Topeka Public Schools*, 465 F.3d 1184, 1188 (10th Cir. 2006) (noting that the forum state's statute of limitations for personal injury actions governs civil rights claims under 42 U.S.C. § 1981).  New Mexico law, therefore, provides a three year statute of limitations period for the claim. N.M. Stat. Ann. § 37-1-8 (1978).  Regardless of whether the Note and Mortgage were executed in February or July 2005, the Clantons filed their counterclaim and third-party complaint on October 31, 2008, more than three years after the alleged § 1981 violations could have taken place.  Because the Clantons did not bring their § 1981 claim within the three year statute of limitations period, this claim is time-barred.

      **I.  New Mexico Home Loan Protection Act.**

The HLPA provides that "[n]o creditor shall knowingly and intentionally engage in the unfair act or practice of flipping a home loan." N.M. Stat. Ann. § 58-21A-4. "Flipping a home loan" is defined as "the making of a home loan to a borrower that refinances an existing home loan when the new loan does not have reasonable, tangible net benefit to the borrower considering all of the circumstances, including the terms of both the new and refinanced loans, the cost of the new loan and the borrower's circumstances."  The Clantons make the following allegations in connection with the HLPA claims: the Third-Party Defendants "did not disclose or re-disclose the actual rate upon the home loan," engaged in "flipping" the subject loan, violated the HLPA "in the extension and servicing of the loan," did not disclose or follow "the requirements for a High Cost Loan," and "engaged in not providing a 'Reasonable, Tangible Net Benefit to the Borrower.'"

The Clantons failed to allege facts sufficient to satisfy the standard of fair notice required by Rule 8 or to render their HLPA claims plausible. *See Robbins*, 519 F.3d at 1250. In addition, the Clantons' allegations that the Third-Party Defendants engaged in "flipping," did not disclose "the requirements for a High Cost Loan," and "engaged in not providing a 'Reasonable, Tangible Net Benefit to the Borrowers'" are entirely conclusory, containing no factual allegations to support these claims.  Indeed, the Clantons do not even allege that they refinanced their home, nor do they make any factual allegations regarding the terms of any new loan or their financial circumstances.  Conclusory allegations are disregarded by the Court. *See Teigen v. Renfrow*, 511 F.3d 1072, 1078 (2007).  The Clantons' allegations that the Third-Party Defendants did not "disclose or re-disclose the actual rate upon the home loan," and violated the HLPA "in the extension and servicing of the loan" are not cognizable claims under the HLPA. *See* N.M. Stat. Ann. §58-21A-1 et seq.  Thus, the Court must dismiss the Clantons' HLPA claims against all

Third-Party Defendants.

### J.  New Mexico Unfair Trade Practices Act.

To state a claim under the UPA, a plaintiff must allege that: (1) the defendant made an oral or written statement that was either false or misleading; (2) the false or misleading representation was knowingly made in connection with the sale of goods or services; (3) the conduct complained of occurred in the regular course of the defendant's business; and (4) the representation may, tends to, or does deceive or mislead any person. *Brooks v. Norwest Corp.*, 136 N.M. 599, 611, 103 P.3d 39, 51 (N.M. 2004).  The Clantons base their UPA claim on the following allegations: the Third-Party Defendants violated the UPA "in the extension and servicing of the loan which is the subject of this case," "imposed charges that are not authorized by law or the instruments being serviced," and "engaged in not providing a 'Reasonable, Tangible Net Benefit to the Borrower.'"  These allegations are factually insufficient to state a claim, under the UPA, upon which relief can be granted. *See Id.*  Therefore, the Court must dismiss the Clantons' UPA claims against the Third-Party Defendants.

### IV.   Conclusion.

The Clantons failed to plead their RICO claim with sufficient particularity.  Their TILA, RESPA, FHA, ECOA, and § 1981 claims are time-barred.  Their Privacy Act, FDCA, HLPA, and UPA claims all fail to state a claim against the Third-Party Defendants upon which relief can be granted.  Indeed, the Clantons' third-party complaint must be dismissed in its entirety.

**WHEREFORE,**

**IT IS ORDERED** that Defendant WMC's Motion to Dismiss, joined by Wells Fargo Bank, MERS, Merrill Lynch, Wilshire, and Wells Fargo Financial is **GRANTED**.

_/s/ Robert Brack_
_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**