IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WELLS FARGO BANK, NATIONAL
ASSOCIATION AS TRUSTEE FOR
THE MLMI TRUST SERIES 2005-WMC2,

      Plaintiff,

vs.                                                                                              NO. CIV 08-1148 RB/GBW

KEVIN CLANTON AND CJ CLANTON,

      Defendants.

and

KEVIN CLANTON AND CJ CLANTON,

      Third-Party Plaintiffs,

vs.

LENDINGTREE, INC.; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.;
MERRILL LYNCH CREDIT CORPORATION;
WMC MORTGAGE CORPORATION; WILSHIRE
CREDIT CORPORATION; WELLS FARGO
FINANCIAL NEW MEXICO, INC.; JOHN DOE
MORTGAGE; JOHN DOE LENDING BANK; and
JANE DOE, CLOSING AGENT,

      Third-Party Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff's Motion for Summary Judgment, filed April 27, 2009. Original jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions of the parties, relevant law, and being otherwise fully advised, the Court finds that Defendants Kevin and CJ Clanton (hereinafter "the Clantons") have conceded dismissal of all remaining federal claims in this matter. The Court, having no interest in retaining supplemental

jurisdiction over the remaining state claims, orders this matter remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico. 28 U.S.C. § 1367(c)(3).

**I.    Background.**

On or about February 18, 2005, the Clantons executed and delivered to WMC Mortgage, LLC (hereinafter "WMC Mortgage"),[1] an Adjustable Rate Note in the principal sum of $220,000.00, bearing an interest rate set to fluctuate between 6.99 and 13.49 percent (hereinafter "the Note").[2] The Clantons also executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS"), as nominee for WMC Mortgage, that was filed for record in Bernalillo County, New Mexico, on March 1, 2005, in Book A92, Page 8756, as Document No. 2005028864 (hereinafter "the Mortgage"). The Note and Mortgage were assigned to Plaintiff Wells Fargo Bank, National Association as Trustee for the MLMI Trust Series 2005-WMC2 (hereinafter "Wells Fargo Bank") by an Assignment of Mortgage, dated August 15, 2006, that was recorded on August 30, 2006, in Book A123, Page 2200, of the records of Bernalillo County, New Mexico. According to the terms of the Mortgage, the Clantons mortgaged, granted, and conveyed to the mortgagee the property generally described with the street address of 1134 Mountain Valley Road, Sandia Park, New Mexico.

The Clantons failed to make payments on the Note in accordance with its terms and conditions. After multiple notices of default, Wells Fargo Bank eventually elected to enforce the Note's acceleration clause, requiring the Clantons to immediately pay the entire balance due on the

---

[1] WMC Mortgage was incorrectly named in the Clantons' Third-Party Complaint as WMC Mortgage Corporation.

[2] Copies of the Note and Mortgage, which are appended to Wells Fargo Bank's Complaint for Foreclosure, list February 18, 2005 as the date of execution. The Clantons' signatures on the Note and Mortgage are dated February 22, 2005.

Note which they failed to do. On February 22, 2007, Wells Fargo Bank commenced a foreclosure action against the Clantons in the Second Judicial District Court of the State of New Mexico. On July 10, 2007, the Second Judicial District Court granted Wells Fargo Bank a default judgment for foreclosure and order of sale. On October 20, 2008, the Second Judicial District Court issued an order setting aside this default judgment for foreclosure and order of sale.

On October 31, 2008, the Clantons answered the Complaint, filed counterclaims against Wells Fargo Bank, including causes of action for violation of the Racketeer Influenced and Corrupt Organization Act (hereinafter "RICO"), the Truth in Lending Act (hereinafter "TILA"), the Real Estate Settlement Procedures Act (hereinafter "RESPA"), the Fair Housing Act (hereinafter "FHA"), the Equal Credit Opportunity Act (hereinafter "ECOA"), the Privacy Act, the Fair Debt Collection Act (hereinafter "FDCA"), 42 U.S.C. § 1981, the New Mexico Home Loan Protection Act (hereinafter "HLPA"), and the New Mexico Unfair Trade Practices Act (hereinafter "UPA"). The Clantons also filed virtually identical third-party claims against WMC Mortgage, MERS, LendingTree, Inc. (hereinafter "LendingTree"), Merrill Lynch Credit Corporation (hereinafter "Merrill Lynch"), Wilshire Credit Corporation (hereinafter "Wilshire Credit"), Wells Fargo Financial New Mexico, Inc. (hereinafter "Wells Fargo Financial"), John Doe Mortgage, John Doe Lending Bank, and Jane Doe, Closing Agent.

On January 29, 2009, the Clantons' claims against LendingTree were dismissed by stipulated order. On February 3, 2009, the Court dismissed all claims against WMC Mortgage, MERS, Merrill Lynch, Wilshire Credit, Wells Fargo Financial, John Doe Mortgage, John Doe Lending Bank, and Jane Doe, Closing Agent (hereinafter collectively "Third-Party Defendants"). On April 27, 2009, Wells Fargo Bank filed its Motion for Summary Judgment. On May 11, 2009, the Clantons filed their Response, in which they conceded that their RICO, TILA, RESPA, FHA, ECOA, Privacy Act,

3

FDCA, and § 1981 counterclaims against Wells Fargo Bank should be dismissed, but otherwise opposing summary judgment.

## II.  Applicable Legal Standard.

28 U.S.C. § 1367 provides, in pertinent part:

[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).  However, the Court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3).

## III.  Discussion.

This lawsuit arises out of a state law action for foreclosure initiated by Wells Fargo Bank. In resisting the foreclosure of their home, the Clantons filed a barrage of poorly pleaded federal and state claims against Wells Fargo Bank and the Third-Party Defendants. As a result, WMC Mortgage removed the action to federal court based on federal question jurisdiction. On February 3, 2009, the Court dismissed all claims against the Third-Party Defendants.[3] Rather than taking the necessary step of filing its own Motion to Dismiss Counterclaims, Wells Fargo Bank merely joined the WMC Mortgage's Motion to Dismiss the Third-Party Complaint. Consequently, the Court, in its February 3, 2009 Memorandum Opinion and Order, did not address any of Clantons' counterclaims against Wells Fargo Bank.

---

[3]The Court notes that any of Clantons' third-party claims that were dismissed for failure to make sufficient factual allegations or otherwise satisfy the notice pleading requirements, including the Clantons' claims that Third-Party Defendants violated the HLPA and UPA, were dismissed without prejudice. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1253-54 (10th Cir. 2008)

On April 27, 2009, Wells Fargo Bank filed its Motion for Summary Judgment, seeking *inter alia* dismissal of the Clantons' counterclaims. In their Response to Wells Fargo Bank's Motion for Summary Judgment, the Clantons conceded that their RICO, TILA, RESPA, FHA, ECOA, Privacy Act, FDCA, and § 1981 counterclaims against Wells Fargo Bank–i.e., all remaining federal claims–should be dismissed. The Court, therefore, dismisses the Clantons' RICO, TILA, RESPA, FHA, ECOA, Privacy Act, FDCA, and § 1981 counterclaims against Wells Fargo Bank.

Having dismissed all claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining claims in this matter. 28 U.S.C. § 1367(c)(3). Indeed, the Court has no interest in retaining jurisdiction over a lawsuit that arises out of a quintessential state law action for foreclosure. The Court, therefore, remands this lawsuit to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

**IV.   Conclusion.**

The Clantons have conceded dismissal of their RICO, TILA, RESPA, FHA, ECOA, Privacy Act, FDCA, and § 1981 counterclaims against Wells Fargo Bank, and the Court has dismissed these claims. The Court has dismissed all claims over which it has original jurisdiction.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that this matter is remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**